UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

HELENE RUIZ,

                           Plaintiff,

    -against-

THE CITY OF NEW YORK, METROPOLITAN
TRANSPORTATION AUTHORITY, NEW
YORK CITY TRANSIT AUTHORITY,
NATIONAL RAILROAD PASSENGER
CORP. (AMTRAK) & MSG ARENA, LLC.,

              Defendants.
———————————————————————X

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Index No. 18-cv-9904-PKC

**WHEREAS,** Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("Defendant Amtrak") intends to produce, in response to party demands, certain documents and information that it deems to be confidential, security sensitive or otherwise inappropriate for public disclosure; and

**WHEREAS,** Defendant Amtrak will only produce these documents and information if appropriate protection for their confidentiality is assured.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by attorneys for Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("Defendant Amtrak") and the Parties to this action, as follows:

    1.    As used herein, "Action" shall mean the pending action between Plaintiff and Defendants captioned *Helene Ruiz v. The City of New York Metropolitan Transportation Authority, New York City Transit Authority, National Railroad Passenger Corp. (Amtrak) & MSG Arena, LLC.*, 18-CV-9904 (PKC).

    2.    Defendant Amtrak may designate certain documents and material as "confidential" by placing or affixing on each page of the material the word "CONFIDENTIAL." Defendant

Amtrak shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential or by inadvertently failing to mark a document as confidential prior to disclosure of the same.

3. The Confidential Documents shall be used solely and exclusively for the purpose of this Action and, under no circumstance, may the Confidential Documents be used in any other action or for any purposes unrelated to this Action. The Confidential Documents shall not be used, shown, disseminated, copied, or in any way communicated, transferred or disclosed, orally or by any other means, to anyone for any purpose whatsoever, other than as required for the preparation and trial of this Action. Access to the Confidential Documents shall be limited to those persons designated below, and all persons given access to the Confidential Documents shall keep the Confidential Documents and the material contained therein confidential from all other persons

4. The Confidential Documents may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

   a) The Parties and their respective employees and agents;
   b) Counsel of record for the Parties and direct employees of such counsel who are materially assisting in the preparation or trial of this Action;
   c) Experts and consultants retained by a Party whose assistance is necessary for trial preparation of this specific action, provided that no such disclosure shall ever be made to any person employed by or consulting for any competitor of any Defendant or Specially-Appearing Defendant unless that competitor is a party to this action;
   d) Under seal to the Court and the Court's employees and staff;
   e) Court reporters and videographers before whom a deposition is taken; and
   f) Any person mutually agreed upon in writing by all Parties, and who is willing to sign the form set forth in Exhibit A agreeing to be bound by the terms of this Protective Order.

5. Any copy of the Confidential Documents distributed to a Qualified Person shall be returned to counsel for Defendant Amtrak at the completion of the Qualified Person's consultation or representation in this case. Such Qualified Person shall, upon the request of counsel for Defendant Amtrak or the Court, execute an affidavit stating that all such documents and copies of such documents have been returned as required.

6. If a party seeks to file the Confidential Documents with the Court or reveal the contents thereof, pursuant to Section 5 of the Individual Practices of Judge Kevin P, Castel:

> *Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of* <u>Lugosch v. Pyramid Co. of</u>

*Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) *and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.*

7. Except to the extent permitted by this Agreement, each and every Qualified Person provided copies of or access to the Confidential Documents shall keep all such materials and any permitted copies, notes, abstracts, or summaries of such material within their exclusive possession and control and shall exercise all necessary and prudent precautions to maintain the confidentiality of all such materials and shall not disseminate such materials or their contents to anyone.

8. To the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, are created, same shall be treated as confidential and all provisions of this Confidentiality Agreement and Protective Order shall apply equally to such materials so created, in the same manner and to the same extent the Confidential Documents.

9. The Parties shall notify Defendant Amtrak in writing if any of the Confidential Documents are misplaced, lost, stolen, or accessed electronically by an unauthorized user. Notification shall be made within twenty-four (24) hours of the discovery of the misplacement, theft, or unauthorized access. Written notification to Defendant Amtrak shall be made to the undersigned.

10. Within sixty (60) days after the termination of this Action by entry of a final judgment or order of dismissal, each Party shall either (a) return to Defendant Amtrak the Confidential Documents and all copies thereof, or (b) destroy such documents upon consent of Defendant Amtrak and certify in writing within thirty (30) days after destruction that the documents have been destroyed. Outside counsel for each Party may retain copies of pleadings filed in Court, and of deposition and court transcripts or recordings. Each non-Party or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall within sixty (60) days after the termination of this action by entry of a final judgment or order of dismissal either (a) return to Defendant Amtrak the Confidential Documents and all copies thereof, or (b) destroy such documents upon consent of Defendant Amtrak, and certify in writing within thirty (30) days after destruction that the documents have been destroyed.

11. This Confidentiality Agreement and Protective Order shall be binding upon the Parties immediately upon signature and shall be submitted to the Court for entry as an Order.

4816-3832-4144v.1

12. The Southern District of New York retains jurisdiction of all matters arising under this Protective Order.

13. Nothing in this Confidentiality Agreement and Protective Order operates to create an admission by Defendant Amtrak that the Confidential Documents disclosed in this case are relevant or admissible.

14. This Confidentiality Agreement and Protective Order may be signed in counterparts, all of which shall be considered an original and together shall constitute one and the same instrument. A facsimile signature shall have the same effect as an original ink signature.

15. If any provision of this Confidentiality Agreement and Protective Order is deemed void by law or unenforceable, the remaining provisions shall continue in full force and effect.

**The foregoing Confidentiality Agreement has been reviewed and consented to by the following counsel of record.**

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Shayna A. Bryan
Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORP.
(AMTRAK)
120 Broadway, 13th Floor
New York, New York 10271
(212) 238-4800


GIORDANO LAW OFFICES

By: _____
Stefanie Behler, Esq.
Attorneys for Plaintiff
226 Lenox Avenue
New York, N.Y. 10027
(212) 406-9466

TARSHIS & HAMMERMAN LLP

By: _____
Roberta Tarshis, Esq.
Attorneys for Defendant MSG
118-35 Queens Boulevard
Forest Hills, New York 11375
New York, N.Y. 10027

4

(718) 793-5000

LAWRENCE HEISLER, ESQ.

By: _____/s/ Peter Chang/_____
Peter H. Chang, Esq.
*Attorneys for Defendant MTA and NYCTA*
130 Livingston Street, 11th Fl
Brooklyn, New York 11201


CORPORATION COUNSEL

By: _____[signature]_____
David Skochil, Esq.
*Attorneys for Defendant*
*The City of New York*
118-35 Queens Boulevard
Forest Hills, New York 11375
New York, N.Y. 10027
(718) 793-5000


**SO ORDERED**

_____[signature]_____
U.S.D.J.

1-10-20

# EXHIBIT A

4816-3832-4144v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

HELENE RUIZ,

                        Plaintiff,

   -against-

THE CITY OF NEW YORK, METROPOLITAN
TRANSPORTATION AUTHORITY, NEW
YORK CITY TRANSIT AUTHORITY,
NATIONAL RAILROAD PASSENGER
CORP. (AMTRAK) & MSG ARENA, LLC.,

                        Defendants.
------------------------------------------------------------------ X

**NON-DISCLOSURE AGREEMENT**

18-CV-9904-PKC

     I, _____, acknowledge that I have read and understand the Confidentiality Agreement and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Material to anyone other than for the purposes of this litigation (i.e., other than those persons identified in paragraph 4 in the Confidentiality Agreement and Protective Order in this action) and that, at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality Agreement and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Agreement and Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____

4816-3832-4144v.1