

# GIORDANO LAW OFFICES PLLC

April 2, 2020

**VIA ECF**
Hon. P. Kevin Castel, USDJ
United States District Court, SDNY
500 Pearl Street, Courtroom 11D
New York, New York 10007

Fact discovery is extended to August 28, 2020. All deposition discovery is stayed until June 1, 2020. The June 19, 2020 conference remains as scheduled.

SO ORDERED.
April 3, 2020

*P. Kevin Castel*
United States District Judge

Re: **Ruiz v. City of New York, et al.**
    **Civ. No. 18cv9904(PKC)(GWG)**

Your Honor:

    Pursuant to the Court's Individual Rules and Practices, 4(B), Plaintiff submits this letter motion to request the Court's assistance with a discovery impasse relating to depositions of Amtrak witnesses. Pursuant to FRCP 37(a)(1), in good faith, Plaintiff's Counsel attempted to confer with Defense Counsel to resolve this issue without Court action. Your Honor may recall that Defendant MSG's motion to disqualify my office as Plaintiff's Counsel is currently pending. On March 19, 2020, Amtrak Counsel filed a letter motion requesting that depositions of Amtrak witnesses be adjourned from March 26, 2020 until "mid-April" with a commensurate adjournment of the fact discovery deadline.[1] [Doc. 74]. On March 19, 2020, the Court extended the fact discovery deadline to May 29, 2020 with an indication that discovery has taken far too long in this trip and fall diversity case. [Doc. 75]. The next conference before the Court is scheduled for June 19, 2020.

    On March 25, 2020, my office reached out to Amtrak Counsel to move forward with remote depositions of three noticed Amtrak witnesses who should know something regarding Amtrak's sidewalk grating and ventilation vault. We advised Amtrak Counsel that the witnesses, attorneys, and reporter would remain in their respective homes and participate via video conference, and we would facilitate the remote depositions through the service and platform we have been effectively utilizing for our other cases.

    On April 1, 2020, Amtrak counsel replied and refused to proceed with remote depositions because the "lock-down Order" causes logistical difficulties, which prevents their firm from preparing witnesses "with the same speed and efficiency" and "impedes [their] ability to compile and review" document discovery exchanged thus far. Amtrak counsel indicated a preference to proceed with depositions in person at some unspecified date in "April or May," depending on feasibility in light of the COVID-19 pandemic. Amtrak Counsel also advised that she might

---

[1] Plaintiff's Counsel did not consent on the ground that the March 26, 2020 depositions could be conducted remotely, and difficulties caused by the COVID-19 pandemic may become worse in April.

226 LENOX AVE, NEW YORK, NY 10027   WWW.GIORDANOLAWOFFICES.COM
PHONE (212) 406-9466   FAX (212) 406-9410   TOLL FREE (866) NYC-JUSTICE

"seek appropriate relief from the court or revisit the possibility of remote depositions" at some unspecified time.

On March 25, 2020, Plaintiff also noticed depositions of the two Amtrak engineers conclusively known to access the vault area beneath the sidewalk grating in the hope that they could finally lift the veil on the ownership issue. On April 1, 2020, Amtrak Counsel replied:

> [P]lease be advised that we object to your Notice to Take the Deposition of the Defendant Amtrak Engineers, dated March 25, 2020, as this request is unduly burdensome and seeks material that is not proportional to the needs of this case pursuant to Rule 26 of the Federal Rules of Civil Procedure. Your office has not demonstrated that these individuals possess specific knowledge pertaining to Plaintiff's alleged accident and/or ownership of the subject grating. We have already produced a witness, an Assistant Division Engineer, in this matter and have agreed to produce at least two additional witnesses requested by your office. Furthermore, as indicated in our Affirmation, dated March 19, 2020, it is Amtrak's position that your office should be precluded from using any information obtained through Counsel's unethical conduct that is the subject of MSG's pending Motion to Disqualify.

My office still represents Plaintiff, and the clock is ticking on the revised discovery deadline. Based on the most conservative estimates, it is likely the pandemic will affect the regular transaction of business (and certainly the possibility of "in person" depositions) until at least the end of May, the same time as the fact discovery deadline for this case.

Therefore, on behalf of Plaintiff, I respectfully request as follows:  Until and unless my office is disqualified, and given the Court's directive that we move forward, Amtrak should be compelled to work with us to schedule these remote depositions on dates certain within the month of April. Amtrak also should be compelled to identify and produce the two additional engineers. As previously indicated to the Court, the first witness Amtrak chose to produce knew nothing about the sidewalk grating and vault at issue. Plaintiff likely will have to serve additional discovery demands after the upcoming depositions, given Amtrak's discovery track record.

Further, Amtrak counsel's claim that this office "has not demonstrated that these individuals possess specific knowledge pertaining to…ownership of the subject grating" is a further reflection of its cavalier attitude and noncompliance with discovery.  The electronically-filed record shows that these two individuals either had authority or knew how to obtain authority to navigate to and enter the vault area beneath the sidewalk grating in issue.  If anything, these two engineers may possess even more relevant information than the previously noticed Amtrak witnesses: current station master or equivalent[2] (Robert Cottrell); Assistant

---

[2] MSG witness William Martino testified that his staff had a policy and practice of communicating with Amtrak's former station master and his staff regarding covering the subject sidewalk grating for events.

Division Engineer of Fire Life and Safety[3] (Sebastian Rendino); and an Amtrak witness who could read and testify about the leases, deeds, and drawings exchanged in discovery. Amtrak counsel has represented to the Court that the testimony of these witnesses is "unlikely to lead to relevant information."

Amtrak again uses the pandemic as an excuse to avoid its discovery obligations. There is no reason why we cannot move forward with remote depositions in an effort to comply with the Court's established deadlines. All documents that will be marked at the depositions can be emailed to the witnesses, participants, and reporter in preparation. No one will be exposed to any conceivable danger because each participant will remain in his or her home. The only requirements to proceed with remote depositions include an internet connection and either a computer with a camera or a smart phone with a camera. Amtrak Counsel has not objected to remote depositions on the ground that the defense attorneys and/or their witnesses do not have the technological means to conduct remote depositions, but on the ground that remote depositions would be inconvenient, and preparation would take longer than usual.

Therefore, Plaintiff's Counsel respectfully requests that the Court compel Amtrak and all Defense Counsel to schedule dates certain in April for any and all noticed Amtrak witnesses capable of proceeding with remote depositions and compel Amtrak Counsel to identify and produce for depositions the two Amtrak engineers who either had authority or knew how to obtain authority to access the vault area directly below the subject sidewalk grating. If the Court is not inclined to require Amtrak to move forward with depositions at this time, Plaintiff respectively requests that the discovery deadlines in this case be suspended *sine die* until it is feasible for the parties to conduct in person depositions once again.

Respectfully Submitted,

Carmen Giordano, Esq.

CC:   *Via ECF*
      All counsel of record

---

[3] In response to City defense counsel's question about who he would contact if a tourist dropped something into a grate, Amtrak's own witness John Steven Collins identified, "Fire Life and Safety." Mr. Collins also identified Mr. Rendino as an Amtrak contact who may know information about Amtrak's ventilation system, in response to a question from MSG's counsel.