UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HELENE RUIZ,

                        Plaintiff,                      18-cv-9904 (PKC)

-against-                             ORDER

THE CITY OF NEW YORK, METROPOLITAN
TRANSPORTATION AUTHORITY, NEW
YORK CITY TRANSIT AUTHORITY,
NATIONAL RAILROAD PASSENGER CORP.
(AMTRAK), & MSG ARENA, LLC,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        As stated at today's discovery conference, the Court orders that within 14 days of this Order:

1. Defendant Madison Square Garden ("MSG") will furnish an affidavit from a person with firsthand knowledge as to the search conducted for documents or other responsive material concerning the "pattern and practice," about which deponent William Martino testified, of defendant Amtrak and MSG coordinating the covering of gratings for MSG events;

2. Amtrak will identify the Bates ranges of documents it previously produced that it submits are responsive to plaintiff's second supplemental post-deposition requests;

3. Amtrak will provide a response to plaintiff's first supplemental post-deposition demands;

4. Amtrak will provide a response to plaintiff's post-deposition demand to identify the person(s) who measured the subject area;

5. Amtrak will identify the Bates ranges of documents it previously produced that it submits are responsive to plaintiff's third supplemental requests;

6. Amtrak will provide a date certain for plaintiff to conduct a site visit of the vault area below the subject grate, or will provide an affidavit explaining why such a site visit cannot be accommodated.

As to plaintiff's post-deposition demand to MSG that it identify all contractors and sub-contractors who installed the "Property Line of Madison Square Garden" brass plates demarcating MSG's property, the Court rules that the disclosure that Turner Construction was the general contractor on this 2011-2013 project is adequate as of the moment.

MSG will not be required to provide plaintiff a list of the names of all MSG engineers who worked on-site at MSG and/or Penn Station on the day of plaintiff's accident. Plaintiff may instead notice a Rule 30(b)(6) deposition to ascertain ownership and/or maintenance of the vault in question.

In light of the COVID-19 pandemic, the parties agree that depositions may proceed remotely as opposed to in-person.

The Clerk is respectfully directed to terminate the letter motion (Doc 85).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 15, 2020