

# GIORDANO LAW OFFICES PLLC

October 29, 2020

*Application DENIED.*
*SO ORDERED*
*[signature]*
*USDJ*
*11-4-20*

**VIA ECF & FACSIMILE**
Hon. P. Kevin Castel, USDJ
United States District Court, SDNY
500 Pearl Street, Courtroom 11D
New York, New York 10007
Fax: (212) 805-7949

**Re:** *Ruiz v. City, et al.*, Civ. No. 18-cv-9904 (PKC)(GWG)

Your Honor:

Pursuant to the Court's Individual Rule 3B, FRCP 37(a)(1), and Local Civil Rule 37.2, Plaintiff submits this letter motion to resolve a pressing discovery dispute. The current fact discovery deadline is November 30, 2020. The next status conference is scheduled for January 5, 2021 at 11:00 a.m.

Briefly, a site visit finally has been scheduled for November 9, 2020. This dispute concerns Amtrak's refusal to permit Plaintiff's expert engineer, who has executed the confidentiality agreement, to photograph and/or videotape any area except the area directly beneath the subject grate during the site visit. Plaintiff seeks an Order permitting our engineer to photograph and/or videotape any areas (i.e., corridors, passageways, conduits) leading to and from the area directly beneath the subject grate to evaluate the purpose of the subject grate and area beneath the grate and how these areas relate to interconnected areas controlled by either Amtrak or other unknown entities.

Following a discovery conference on September 15, 2020, the Court issued an Order (doc. 101) directing, *inter alia*, that within 14 days of the Order, Amtrak provide "a date certain for plaintiff to conduct a site visit of the vault area below the subject grate, or…an affidavit explaining why such a site visit cannot be accommodated." Amtrak's Counsel and Plaintiff's Counsel conferred by telephone on several occasions, including September 18 and September 21, to determine whether an affidavit could be provided in lieu of a site visit; however, the parties could not agree upon the affidavit's language and content. On September 29, 2020, the Court granted Amtrak's application to serve responses to outstanding discovery by October 6, 2020 (doc. 102).

On October 6, 2020, Amtrak served responses, including the following response to Plaintiff's request for a site visit:

> …Amtrak is prepared to accommodate a site visit of the vault area at a
> date mutually agreeable for the parties, subject to the following
> conditions:

**226 LENOX AVE, NEW YORK, NY 10027    WWW.GIORDANOLAWOFFICES.COM**
**PHONE (212) 406-9466    FAX (212) 406-9410    TOLL FREE (866) NYC-JUSTICE**

Case 1:18-cv-09904-PKC   Document 103   Filed 10/29/20   Page 2 of 3
Case 1:18-cv-09904-PKC   Document 105   Filed 11/04/20   Page 2 of 3

Ruiz, 18cv9904(PKC)(GWG)
- - Page 2 - -

1. The parties acknowledge the complex and dangerous nature of such visit, which will require the parties to wear PPE, hard hats and other safety clothes, shoes and equipment, enter the substation, navigate around boilers and pipes, ascend a 15 rung wall ladder, transfer to a separate small landing, and crawl through a tight space. The parties may encounter low, hanging pipes and/or mud, dirt, and debris, among other things;

2. Identify all person(s) who will be attending the visit and such person(s) shall sign and return the Release of Claim form, annexed hereto as Exhibit C, at least five (5) days prior to the visit; and

3. Any photographs or videos taken during the visit must be limited to below the grating, provided to Amtrak within seven (7) days, and will be subject to the Protective Order.

Between October 6, 2020 and October 28, 2020, Amtrak's Counsel and Plaintiff's Counsel conferred by telephone on multiple occasions, including October 12, 13, 21, and 23, as well as several email communications, to discuss the site visit and its parameters. Plaintiff's Counsel advised that Plaintiff's expert engineer would need to be able to photograph and/or record video of all areas that lead to and from the vault area beneath the subject grate to evaluate the grate's and vault's purpose and relationship to surrounding areas.

Amtrak requested a detailed explanation of why Plaintiff sought photographs and/or video of any area other than the area directly beneath the grate. In sum, Plaintiff's Counsel indicated that the primary purpose of the site visit is to determine the purpose of the grate and its relationship to the interconnected surrounding areas. Specifically, the primary purpose of the site visit is to determine whether the grate and shaft (or vault) below served as a conduit for Amtrak's ventilation system, plenums, or otherwise. Photographs of the area directly below the grate are of minimal assistance in this regard and would not shed light on the purpose of the grate and shaft way directly below - the grate and shaft way's relationship to the surrounding areas (including Amtrak's plenums, fan rooms, and other areas) are essential. Thus, photograph and/or video documentation of the interconnected areas is essential. Additionally, it will be nearly impossible for Plaintiff's engineer to convey to a jury the purpose of the grate and area directly below in narrative fashion without photographs and/or videos. Because ultimately, a trial jury will have to determine who is responsible for the subject grate and 12-inch surrounding perimeter, the purpose of the grate is at issue. It is apparent that the purpose (and ownership) of the grate cannot be determined without a site visit. Therefore, photographs and videos of the interconnected area is a more practical and safer option than having the jury visit the area during trial.

Amtrak continued to refuse to allow photographs and/or video of any area except the vault directly beneath the grate, citing safety and security concerns as its basis. Plaintiff's Counsel acknowledged potential safety and security concerns yet emphasized that all photographs and video would remain subject to the strict terms of the So-Ordered Confidentiality Stipulation and Protective Order.

On October 28, 2020, Plaintiff's Counsel furnished to Amtrak's Counsel both the Non-

Case 1:18-cv-09904-PKC   Document 103   Filed 10/29/20   Page 3 of 3
Case 1:18-cv-09904-PKC   Document 105   Filed 11/04/20   Page 3 of 3

Ruiz, 18cv9904(PKC)(GWG)
- - Page 3 - -

Disclosure Agreement annexed to the So-Ordered Amtrak Confidentiality Agreement and Protective Order (doc. 63) and the Release of Claim form executed by Plaintiff's expert engineer. Plaintiff's Counsel again asked if Amtrak would change its position if Plaintiff's Counsel agreed, in writing, that subject to the So-Ordered Confidentiality Stipulation and Protective Order, all photographs and videos would be designated as Confidential and for "Attorneys' Eyes Only," with the exception of Plaintiff's expert for the purpose of his evaluation and report; that the photographs and videos would not be used for any other purpose (including trial, unless there is a Stipulation among all parties or a Court Order permitting use of said materials at trial); and that all photographs and video would be destroyed upon conclusion of this litigation.  Plaintiff's Counsel also noted that in the past, despite safety and security concerns, Plaintiff's Counsel has had no difficulty photographing and videotaping the interiors of other high security areas in federal cases, including jails and prisons, under similar terms.

On October 28, 2020, Amtrak's Counsel responded, "Amtrak remains willing to permit photographs and videos only of the grating and the area directly beneath the grating."

Plaintiff's Counsel respectfully submits that photographs and/or videos of the adjoining areas are paramount and necessary and inextricably relevant and interwoven with the ongoing core disputed issue in this litigation: Amtrak's ownership, control, maintenance, use, and exclusive access to the area beneath the grate and the purpose that the grate and vault beneath the grate serve.

Accordingly, Plaintiff's Counsel respectfully requests the Court's resolution of this dispute in advance of the site visit scheduled for November 9, 2020.

We appreciate the Court's time and consideration of this matter.

Respectfully Submitted,

Carmen Giordano, Esq.

CC:     *Via ECF & Email*:
        All counsel of record