

# GIORDANO LAW OFFICES PLLC

November 20, 2020

> Proceed with the deposition of Ms. Hall.
> Application DENIED without prejudice to
> renewal based upon the transcript of Ms. Hall's
> deposition.
>
> SO ORDERED.
> Dated: 11/23/2020
>
> _____
> P. Kevin Castel
> United States District Judge

**VIA ECF & FACSIMILE**
Hon. P. Kevin Castel, USDJ
United States District Court, SDNY
500 Pearl Street, Courtroom 11D
New York, New York 10007
Fax: (212) 805-7949

Re:   *Ruiz v. City, et al.*, Civ. No. 18-cv-9904 (PKC)(GWG)

Your Honor:

We write requesting the Court's assistance with a discovery dispute relating to Plaintiff's request to depose two additional Amtrak witnesses. The next status conference is scheduled for January 21, 2021 at 11:00 a.m.

As the Court may recall, Plaintiff has been endeavoring to depose an Amtrak employee with *firsthand knowledge* of the subject grate for approximately one year now. The first such request and deposition notice was served on December 10, 2019 after Amtrak produced its first witness, who lacked knowledge of the grate in issue and what existed beneath the grate.

On September 22, 2020, Plaintiff served a 30(b)(6) Notice on Amtrak. In response, Amtrak designated Sebastian ("Sal") Rendino to testify about topics including but not limited to: (1) Amtrak's ventilation system, exhaust ventilation system, emergency exhaust ventilation system, HVAC system, and/or any other ventilation system at or near or below Pennsylvania Station, in the vicinity of 8th Avenue and West 33rd Street, and the relationship between such ventilation systems and the vault or shaft below the subject grate, and the subject grate itself; (2) the purpose of the subject grate and what is located below the subject grate; (3) the purpose of the vault or shaft below the subject grate; (4) any connection between the vault or shaft below the subject grate and Amtrak's ventilation system; (5) whether Amtrak uses or derives any kind of benefit from the existence of the vault or shaft below the subject grate and the subject grate itself; and (6) the structure, engineering for and functioning of the ventilation system, all shaft ways and component parts.  To date, Amtrak still has not produced such a witness.

Instead, on November 17, 2020, Amtrak Counsel produced Mr. Rendino, who is now retired. He testified that he had been employed by Amtrak for four and a half years total and had worked in the Fire Life and Safety Department for Amtrak from 2018 (after Plaintiff's accident) through April 2020. Mr. Rendino testified that there is a duct that leads from the closest Amtrak

fan room to the plenum below the grate.  He also testified that there is a pipe that leads from this fan room to the plenum. Mr. Rendino further testified that he believed the duct connecting the grate area and the fan room serves no purpose, and he was unaware of what, if any purpose, the pipe serves. Mr. Rendino testified that he had no firsthand knowledge of the duct, the pipe, or even this fan room.

Mr. Rendino testified that he obtained all information he had about the grate, duct, and pipe from Thomas Hall and Michael McGuiness, current Amtrak employees. Mr. Rendino repeated that he had *no firsthand knowledge* and that all information he had come from both Mr. Hall and Mr. McGinnis during a conversation he had with them while Amtrak Counsel was present. In other words, Amtrak Counsel had a conversation with Mr. Rendino, Mr. Hall, and Mr. McGuiness during which Mr. Hall and Mr. McGinnis provided the firsthand information about the grate to Mr. Rendino. Amtrak Counsel then produced Mr. Rendino, not Mr. Hall and/or Mr. McGuiness. Plaintiff's and Co-Defense counsel were thereafter foreclosed from asking Mr. Rendino for further information about his conversation with Mr. Hall and Mr. McGinnis and further details he may have learned about the grate, duct, pipe, and area below the grate, based on Amtrak Counsel's assertion of the attorney-client privilege. Accordingly, we have no way of knowing what specific information Mr. Rendino obtained from Mr. Hall and what information Mr. Rendino obtained from Mr. McGuiness.

Immediately after the deposition, Plaintiff's Counsel requested that Amtrak Counsel produce both Mr. Hall and Mr. McGuiness for deposition as soon as possible. All Counsel have been conferring on this issue from November 17, 2020, after Mr. Rendino's deposition concluded, through today.  In response, Amtrak Counsel has agreed to produce Mr. Hall but not Mr. McGuiness and has indicated that the earliest she can produce Mr. Hall is December 14 or 15, 2020.

**We respectfully request that Amtrak Counsel be ordered to produce *both* Mr. Hall and Mr. McGuiness by a date certain, and early enough for Plaintiff's Counsel to issue any required post-deposition discovery requests and to obtain responses prior to the <u>final</u> December 30, 2020 fact discovery end date**. Mr. Rendino unequivocally testified that he obtained the information from both Mr. Hall and Mr. McGinnis, not just Mr. Hall.

Thus far, the parties have deposed seven witnesses, with an eighth deposition scheduled for November 24, 2020.  These two additional depositions will not exceed 10 depositions. *See* FRCP 30(a)(2)(A).

On October 7, 2020, for the first time, Amtrak produced drawings relating to the fan room closest to the grate, duct work, and connecting plenums in response to outstanding discovery demands, per the Court's September 15, 2020 Order. Doc. 101. However, these drawings relate to a 1998 reconfiguration of the fan room and connecting duct work and do not detail the duct that runs from this fan room to the plenum below the subject grate. It may be that this duct no longer

serves a purpose, as Mr. Rendino believed, but he did not know if it merely ran into the fan room wall or whether it was connected thereto with an opening of some sort.

Immediately following Mr. Rendino's deposition, Plaintiff served Amtrak with a notice to depose Mr. Hall and Mr. McGuiness. Plaintiff also issued a demand for all drawings, plans, and documents relating to the specific fan room and its connecting ducts, pipes, and ventilation system predating the 1998 reconfiguration (from the date of the first installation of that fan room through the 1998 reconfiguration served by Amtrak on October 7, 2020). Plaintiff also requested all documents relating to the any duct, pipe, drain line, or other object referenced by Mr. Rendino as running through or underneath or connected to the plenum beneath the subject grate and connected to Amtrak's current relevant fan room. This information, which should have been previously disclosed, as it would be encompassed by earlier discovery demands, may contain information relating to the duct running from the fan room to the plenum below the grate. Without disclosing the content of the drawings designated confidential by Amtrak, it is possible that Amtrak abandoned the duct leading to the plenum below the grate. All we know for sure at this point is that there is a duct that runs to the fan room from the subject grate and that Mr. Rendino was told by Mr. Hall and Mr. McGuiness that the duct currently serves no purpose. **We respectfully request that Amtrak be directed to produce this document discovery at least three days prior to the depositions of Hall and McGuiness.**

In her November 2, 2020 letter to the Court, Amtrak's Counsel indicated, "Amtrak has already acknowledged that the ventilation through the grates reaches Amtrak's track level and that Amtrak benefits from its presence." *See* Doc. 104, fn 4.  Moreover, following the Court's September 15, 2020 Order directing that Amtrak provide a date certain for a site visit or an affidavit explaining why such a site visit cannot be accommodated, Amtrak had agreed to stipulate that ventilation through the grates reaches Amtrak's track level and that Amtrak benefits from its presence. *See* Doc. 104, fn 4. Then, Amtrak specifically designated Mr. Rendino to testify about "whether Amtrak uses or derives any kind of benefit from the existence of the vault or shaft below the subject grate and the subject grate itself."

During his November 17, 2020 deposition, Mr. Rendino testified that *he does not know if Amtrak derives any benefit from the grate*.  Moreover, Mr. Rendino testified that the only connections to the plenum below the grate were the duct connecting to the wall of the fan room, a pipe also leading to the fan room, a hatch leading to a passageway that runs only to the fan room, and there "might be" another hatch or door no longer in use. As indicated, Mr. Rendino did not testify that the grate provides ventilation for Amtrak's tracks below.

**We respectfully request that Amtrak Counsel be required to disclose the factual basis for her representation to the Court that Amtrak derives a benefit from the grate at least three days prior to the deposition of the Mr. Hall and Mr. McGuiness.**

Though Counsel for the City made the constructive suggestion that the parties first depose

Ruiz, 18cv9904<br>- - page 4 - -

Mr. Hall, then revisit whether Mr. McGuiness should also be produced, Amtrak Counsel has vacation, there are several people to coordinate and apparently Mr. Hall cannot be produced until December 14 or 15, 2020. Therefore, there will not be sufficient time to resolve any disputes or even to coordinate or schedule Mr. McGuiness thereafter. Hence, we request that both Mr. Hall and Mr. McGinnis be produced for deposition as soon as possible. Counsel for the City and MSG stated that they have no objection to Plaintiff's motion. Counsel for MTA and NYCTA has not indicated any position as of filing.

        Respectfully Submitted,

        Carmen Giordano, Esq.

CC:    *Via ECF & Email*:
       All counsel of record